UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KENNETH GRAHAM, | Crim. No. 21-645 (WJM)<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.**

This matter comes before the Court on the motion of Defendant Kenneth Graham ("Defendant") for a judgment of acquittal and for a new trial pursuant to Rules 29 and 33 of the Federal Rules of Criminal Procedure. ECF No. 68. For the reasons set forth below, Defendant's combined motion for a judgment of acquittal and for a new trial is **denied.**

**I.    BACKGROUND**

On August 19, 2021, Defendant was indicted for Hobbs Act Robbery, 18 U.S.C. § 1951(a) (Count One) and use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) (Count Two). ECF No. 8. Defendant was convicted on March 20, 2023 of both counts including brandishing a firearm during the robbery. ECF No. 60.

During the five-day trial, which commenced on March 13, 2023, the Government presented evidence that on January 18, 2021, Defendant entered the Boost Mobile store in East Orange, NJ ("Boost Mobile") and gave a partial phone number to a store employee ("D.M.") before pointing a gun at that employee and stealing four iPhones and $473. The robbery, captured on video surveillance, shows that the suspect wore a black facemask, black zip-up hoodie with a red insignia on the left side chest area, dark blue jeans, and tan construction boots. Video footage from surrounding businesses shows the robber fleeing the area in a black two-door Nissan Altima missing its front and rear bumpers (the "Vehicle").

At trial, the owner of the Vehicle ("A.M."), who is Defendant's cousin, testified that it was her Vehicle in the video footage. She also identified Defendant as the individual getting in and out of her Vehicle. Additionally, the Government presented to the jury evidence found in Defendant's residence and cellphone, which law enforcement obtained

1

pursuant to valid search warrants issued after Defendant was arrested on January 25, 2021 for possession of marijuana and "other illegal drugs."[1]

At the close of the Government's case, Defendant reserved the right to file Rule 29 and 33 motions for a judgment of acquittal and for a new trial. Now pending before the Court are those motions.

## II. DISCUSSION

Rule 29 provides that upon a defendant's timely motion, the Court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a), (c)(1). In making this determination, the Court is not to act as a thirteenth juror or "usurp the role of the jury by weighing credibility and assigning weight to the evidence, or by substituting its judgment for that of the jury." *United States v. Caraballo-Rodriquez*, 726 F.3d 418, 430 (3d Cir. 2013) (internal cite and quotation marks omitted). Rather, the Court must consider the evidence in its entirety, as well as any inferences that may be drawn therefrom, in the light most favorable to the prosecution. *United States v. Thompson*, 675 F. App'x 221, 224 (3d Cir. 2017). Accordingly, judgments of acquittal due to insufficiency of the evidence "should be confined to cases where the prosecution's failure is clear," *United States v. Smith*, 294 F.3d 473, 477 (3d Cir. 2002) (internal cite and quotation marks omitted), such that "no reasonable juror could accept the evidence as sufficient to support the conclusion of the defendant's guilt beyond a reasonable doubt." *United States v. Salmon*, 944 F.2d 1106, 1113 (3d Cir. 1991). "The evidence need not unequivocally point to the defendant's guilt," *United States v. Pungitore*, 910 F.3d 1084, 1129 (3d Cir. 1984). The Court must sustain the verdict so long as "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" based on the evidence presented at trial. *United States v. Dent*, 149 F.3d 180, 187 (3d Cir. 1998).

Rule 33 provides, in relevant part, that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Where a Rule 33 motion is based on "an alleged error or combination of errors at trial," a new trial will be ordered only when the errors "so infected the jury's deliberations that they had a substantial influence on the outcome of the trial." *See United States v. Thornton*, 1 F.3d 149, 156 (3d Cir. 1993) (cleaned up). Even "if a district court believes that the jury verdict is contrary to the weight of the evidence, it can order a new trial 'only if it believes that there is a serious danger that a miscarriage of justice has occurred—that is, that an innocent person has been convicted.'" *United States v. Silveus*, 542 F.3d 993, 1117 (3d Cir. 2008) (citing *United States v. Johnson*, 302 F.3d 139, 150 (3d

---

[1] The Government moved *in limine* to admit evidence of marijuana and suspected heroin in Defendant's possession during Defendant's arrest. ECF No. 45. The Court granted that request but instructed the Government to refer to the suspected heroin as other "illegal" drugs to minimize any potential prejudice from naming the type of drug. ECF No. 54.

2

Cir. 2002)). Rule 33 motions "are not favored and should be 'granted sparingly and only in exceptional cases.'" *Id.* (quoting *Gov't of Virgin Islands v. Derricks*, 810 F.2d 50, 55 (3d Cir. 1987)).

### 1. Count One – Hobbs Act Robbery

Defendant contends that law enforcement, after showing A.M. pictures of her Vehicle, engaged in suggestive and leading questioning, and hence that A.M.'s identification of Defendant fails to satisfy the Government's burden to prove beyond a reasonable doubt that Defendant committed the Hobbs Act robbery. The Court disagrees.

At trial, when shown video surveillance footage of the surrounding area near the Boost Mobile near the time of the robbery, A.M. identified the distinctive bumper-less Nissan Altima as her car. She explained that Defendant, who was then living with her, was the only other person who used her car during the timeframe of the robbery, and that there was only one set of car keys in her house at that time. Tr. 550:23-552:6. Furthermore, A.M. identified Defendant in the video footage as the man getting out of her car, walking, and later getting back into the car with a black plastic bag, which the robber was carrying as he exited Boost Mobile after the robbery. Tr. 555:1-558:20; 565:18-566:10. The Government also provided evidence that two minutes after Defendant drove away from where he parked his cousin's car in East Orange near Boost Mobile, Defendant received an incoming phone call that hit off of a cell tower in East Orange at a location consistent with an approximately two-minute drive from where A.M.'s car was parked during the robbery. *See* Tr. 288:16-20; Tr. 477:11-15.

Moreover, at Boost Mobile, Defendant gave D.M. a partial phone number that matched the first six digits of his cousin's cell phone number, which was the number that U.S. Probation had on file as Defendant's contact number. Also, upon executing search warrants during the investigation, law enforcement recovered jeans and Timberland boots that matched the clothing worn by the robber. Finally, Defendant's cell phone contained a photograph of Defendant wearing a dark sweatshirt with a red Nike logo that also matched what the robber wore.

The Court finds there was ample evidence for the jury to find that the Government proved beyond a reasonable doubt that it was Defendant who was caught on video committing the Hobbs Act robbery of Boost Mobile on January 18, 2021.

### 2. Count Two – Possession of a Weapon

Defendant claims that the verdict on Count Two was a miscarriage of justice and that he is entitled to an acquittal because the detectives did not examine the gun and the gun was never recovered. Defendant insists that D.M.'s testimony regarding her experience with guns does not sufficiently establish that the gun involved in the robbery was in fact

3

real and that testimony from the investigating detectives confirm that replica guns look and operate like real guns with magazines that can slide back.

However, as the Court instructed the jury at trial, "[t]o establish that the defendant used or possessed a firearm, the Government need not produce the actual gun but can meet its burden of proof with testimony concerning the firearm. In addition, a conviction may rest on a lay witness' testimony that he or she saw the object the defendant possessed and recognized it as a firearm." Third Circuit Model Criminal Jury Instructions and Comments, 6.18.922A-2; Tr. 806:16-21; see United States v. Beverly, 99 F.3d 570 (3d Cir. 1996) (affirming conviction on 18 U.S.C. § 924(c) charge based on testimony of victim that defendant had threatened him with gun even though gun was not recovered). Here, D.M. testified in detail about her background and experience with guns while growing up in the Dominican Republic. Tr. 145-148. Based on her background and her observations during the robbery, she testified that the gun brandished by the robber "was a real gun that he had" and explained how it was distinguishable from a BB gun or a paintball gun. Tr. 149:9, 14-25. Additionally, D.M.'s testimony regarding the gun was supported by the investigating detectives who observed that in the video footage of the robbery, Defendant did not place his finger on the trigger, which was a safe way to hold a gun to prevent an accidental misfire. See Tr. 275:2-10, 456:4-12. In sum, the Government presented sufficient evidence for a reasonable jury to conclude that Defendant used a firearm, as defined in the jury charge, in furtherance of the robbery.

### 3. Other Illegal Drug Evidence

Defendant moves for a new trial arguing that the Court improperly permitted evidence regarding his arrest for marijuana and other "illegal" drugs because he was not indicted for any drug charges nor did the Government suggest he was under the influence of drugs when the robbery occurred. In addition to challenging relevance, Defendant maintains that allowing drug evidence was extremely prejudicial as showing propensity to engage in criminal conduct. Thus, Defendant claims that such evidence was inadmissible "other crimes or bad acts" evidence under Rule 404(b) of the Federal Rules of Evidence.

Fed. R. Evid. Rule 404(b)(2), however, permits the admission of such "other crime" evidence for other, non-propensity purposes, such as to prove motive, intent, knowledge, or absence of mistake. "[A]llowing the jury to understand the circumstances surrounding the charged crime—completing the story—is a proper, non-propensity purpose under Rule 404(b)." United States v. Green, 617 F.3d 233, 247 (3d Cir. 2010). Therefore, the Court permitted the drug evidence to provide the jury with background information as to the basis for Defendant's initial arrest and the context in which law enforcement lawfully obtained and searched his cellphone. See e.g., id. at 250 (explaining evidence of defendant's threat to kill undercover officer was "admissible as background information which completed the

4

story of the crime" and explained why defendant was under investigation for charged crime of attempted possession with intent to distribute cocaine).

Contrary to Defendant's assertion, the admission of evidence regarding his drug arrest was not improper under *United States v. Morena*, 547 F.3d 191 (3d Cir. 2008). In *Morena*, after the trial court ruled that drug evidence was admissible to show motive, the prosecuting attorney laid the background of the drug transaction, but then repeatedly disregarded the court's direction to "move on" and "continued to cross the line with improper drug evidence in the face of explicit prohibition by the District Court." *Id.* at 195. Accordingly, the Third Circuit reversed the conviction based on prosecutorial misconduct, expressly noting that it did not need to reach the defendant's additional contention "that the District Court exceeded its discretion in admitting evidence of Morena's drug use and dealing for the purpose of showing background and motive." *Id.* at 197-98.

Finally, the probative value of testimony regarding the circumstances surrounding Defendant's arrest is probative and not outweighed by the danger of *unfair* prejudice. Any prejudice was cured by a limiting instruction that any drug evidence was to be considered "only as background information and to complete the narrative of the investigation and the defendant's arrest" and not as proof of "bad character or any propensity to commit crimes." Tr. 796:2-10. The jury was also cautioned not to use drug evidence as a basis "to conclude that, because the defendant may have possessed marijuana and another illegal drug on January 25, 2021, he must also have committed the acts charged in the Indictment." Tr. 796:11-14. *See United States v. Butler*, 594 F.3d 955, 963–64 (8th Cir. 2010) (noting district court gave limiting instruction and did not abuse discretion in admitting drug-related evidence under 404(b) where only charge was violation of 18 U.S.C. § 922(g)(1)).

### III. CONCLUSION

For the foregoing reasons, Defendant has not established a basis for a judgment of acquittal or identified any miscarriage justice that warrants granting a new trial. Defendant's motion for a judgment of acquittal and for a new trial, ECF No. 68, is **denied.** An appropriate Order accompanies this Opinion.

WILLIAM J. MARTINI, U.S.D.J.

Date: April 24, 2023